UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 97-31232
_____

WARREN B. BATES; ET AL.,

Plaintiffs,

PATRICIA ALLEN; CHRISTINA APONTE; KERRY BEN ARMISTEAD; ROGER KELLY
ASHCRAFT; MARION BALLAS; WARREN B. BATES; STEVEN BEAN; KEITH
BERNARD; DEBRA BOURG; DOROTHY BOWLES; LINDA M. BRAND; EUGENE
BRIDGES; RAYMOND CANZONERI; JERRY CARBONNETTE; GLENN CARONNA; RON
CENTANNI; MICHAEL CHAFFIN; JANE D'ANTONIO; VONZELL DALLIS; PETER
DAUNOY; STANLEY DOUCETTE; BELINDA DUKE; WILLIAM ERTEL, JR.; JEROME
ESTEVES; WALLACE FACHEAUX, JR.; TERRY GALLOWAY; DANA GAY; JAMES
GREGOIRE, SR.; JOHN GRIESHABER; RONALD L. HENRIE; STEPHEN J.
HERBERT; JOYCE M. HOLLIDAY; JOHN HOUGHTALEN; HERBERT JAMES; RODDY
JILES; G. MICHAEL JOHNSON; CHERYL JOHNSON; CHERYL JOHNSTON;
LANDCARE INDUSTRIES, INC.; NORMAN LAROUSSE; JEFFREY LENCZYK; TYRONE
L. LEWIS; RAYMOND LEZINA, JR.; PHILIP LOBELL; KIRK LOUPE; LUIS
LUIS; JESUS MARTINEZ; RICKEY MASSON; KIM MULLER; SHIRLEY MUTZ; ERIN
O'NEIL; LOUIS OUBRE, III; RANDY OUGEL; DAVID OUGEL; LELAND OVERTON,
JR.; ERIC PARQUET; MARGIE PHILLIPS; CAROL PIGLIA; REGINOLD PRICE;
FLORENCE ROBINSON; RUSSEL ROY; BERNARD B. SCHUMAK; MICHAEL SERIO,
SR.; FREDDIE SMITH; ARTHUR SMITH, JR.; WILLIAM SMITH, JR.; TED'S
TOUCH SYSTEMS, INC.; EDWARD THORNTON; LINDA THYMES; RON TONCREY;
LEE VANCE; TISA VARNADO; JEANETTE VITRANO; SCOTT VITTINGER; BOB
WALKER; LENORE WARD; ROY WASHINGTON; CALVIN J. WASHISPACK; IRVIN
WEST, JR.; TOMMY WHITAKER; SHAMARA WHITE; WINFIELD C. WOODRUFF;
MARILYN YAUN; ALLAN W. ADAMSON; WILLIAM BREWBAKER; ROBERT C. GREEN;
ROBERT C. MILLER; CAROL ROE QUICK,

Plaintiffs - Appellants,

versus

FORD MOTOR COMPANY,

Defendant - Appellee,

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(94-MD-991-G, 94-CV-537)

_____

February 26, 1999

Before GARWOOD, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[1]

Chiefly at issue in this multidistrict litigation (MDL) is the failure of the notice of appeal to specify the parties taking the appeal, as per FED. R. APP. P. 3(c). Because the notice does not make it objectively clear that 39 of the putative Appellants intended to appeal, we **DISMISS** as to them. Concerning the remaining 49 Appellants, we **AFFIRM.**

I.

The Bronco II is a sport utility vehicle manufactured by Ford between 1984 and 1990. In 1988 and 1989, consumer groups began to suggest that the Bronco II tends to roll over too easily.

In the summer of 1993, five putative class actions were filed against Ford based on the Bronco II's supposed rollover propensity. None of the claims concerned Bronco IIs that had, in fact, rolled over.

The action at issue here was filed in Louisiana state court and removed by Ford to the Middle District of Louisiana; a second was filed in Florida state court and removed by Ford to the Southern District of Florida; and others were filed in the Western District of North Carolina, the Eastern District of Louisiana, and the Southern District of Mississippi. In 1994, the Judicial Panel on Multidistrict Litigation transferred the five actions to the Eastern District of Louisiana. Two additional actions, filed in that district in May 1995 and in the Eastern District of Missouri

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this option should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

in November 1995, were also consolidated into the MDL.

After two proposed settlements and class certification were denied, and various of the legal claims were dismissed, approximately 120 plaintiffs remained. In June 1997, Ford moved for summary judgment on Louisiana state-law claims brought by plaintiffs who resided in Louisiana; Ford termed them "the Louisiana plaintiffs".[2] Forty-nine of those "Louisiana plaintiffs" were represented by Daniel Becnel (plaintiffs' counsel before this court) in opposition to that motion; 24 did not oppose it. On 10 September 1997, the district court granted Ford's motion and dismissed these plaintiffs; on 7 November 1997 it amended the dismissal by adding four inadvertently omitted plaintiffs.[3]

Regarding the judgment entered 10 September 1997, a notice of appeal was filed by plaintiffs' counsel on 24 September 1997 on behalf of the "Louisiana plaintiffs".

---

[2]These "Louisiana plaintiffs" eventually numbered 73. Ford's 24 June 1997 motion listed 64 plaintiffs in a single list. It also included 62 plaintiffs in two lists sorted by date of Bronco II purchase. Three of the 64 (Anderson, Daunoy, and Hardy) were not included in either date-of-purchase list, because Ford did not know when they had purchased, but were mentioned in a footnote of the supporting brief. One plaintiff, Randy Ougel, was *omitted* from the list of 64, but *included* within the purchase-date-sorted 62.

The district court allowed Ford to add to its motion one inadvertently-omitted plaintiff (Herbert, on 7 July) and seven plaintiffs for whom discovery had been delayed (Caronna, Holliday, Martinez, Mutz, Price, Varnado, and Washispack, on 18 August), bringing the total to 73.

[3]These plaintiffs were Herbert, Anderson, Daunoy, and Hardy. Ford apparently feared that the 10 September summary judgment would not apply to them because the district court's opinion had incorporated by reference neither the 7 July addition of Herbert to the motion, nor Ford's footnote referring to Anderson, Daunoy, and Hardy.

Remaining plaintiffs in the MDL proceeding were dismissed later.  In December 1997, the district court granted nine additional motions for summary judgment by Ford regarding plaintiffs who purchased their Bronco IIs in States other than Louisiana.  And, the action by plaintiffs who had purchased Bronco IIs in Mississippi was transferred back to the Southern District of Mississippi in July 1998; these plaintiffs were voluntarily dismissed in January 1999.

In December 1997, after being asked by this court to clarify the 24 September 1997 notice of appeal, plaintiffs' counsel listed 88 individuals as included; they appear in the caption above.  These 88 names included all 49 of the plaintiffs on whose behalf plaintiffs' counsel had opposed Ford's motion in July 1997 (the summary-judgment-opposing plaintiffs);[4] 22 of the 24 plaintiffs who had not opposed the motion (omitting Anderson and Hardy);[5] and 17 others dismissed by the district court at other times.[6]

---

[4]That is, plaintiffs Ballas, Bean, Bourg, Bowles, Bridges, Canzoneri, Carbonnette, Centanni, D'Antonio, Doucette, Duke, Ertel, Esteves, Facheaux, Galloway, Gay, Gregoire, Grieshaber, Jiles, Michael Johnson, Cheryl Johnson, Johnston, Larousse, Lenczyk, Lezina, Lobell, Loupe, Masson, Muller, Oubre, David Ougel, Overton, Parquet, Piglia, Roy, Serio, Freddie Smith, William Smith, Ted's Touch Systems, Inc., Thornton, Thymes, Toncrey, Vittinger, Walker (apparently misspelled in July 1997 as "Waller"), Washington, West, White, Woodruff, and Yaun.

[5]That is, plaintiffs Ashcraft, Bates, Caronna, Chaffin, Daunoy, Henrie, Herbert, Holliday, Martinez, Mutz, O'Neil, Randy Ougel, Phillips, Price, Arthur Smith, Varnado, Vitrano, Ward, Washispack, Whitaker, Green, and Miller.

[6]These 17 include seven plaintiffs (Allen, Landcare Industries, and Luis, who purchased their Bronco IIs in Florida; Adamson and Quick, who purchased in Minnesota; Armistead, who purchased in North Carolina; and Houghtalen, who purchased in

II.

A.

1.

FED. R. APP. P. 3(c) reads in part:

> A notice of appeal must specify the party or parties taking the appeal by naming each appellant in either the caption or the body of the notice of appeal. An attorney representing more than one party may fulfill this requirement by describing those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X." ... A notice of appeal also must designate the judgment, order, or part thereof appealed from, and must name the court to which the appeal is taken. An appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.

The Rule was amended following *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988) (failing to name appellants individually is jurisdictional bar). The Advisory Committee Notes to the 1993 Amendment of the Rule add: "The test established by the rule ... is whether it is objectively clear that a party intended to appeal." *See also* *Garcia v. Wash*, 20 F.3d 608, 610 (5th Cir. 1994) (quoting the Advisory Committee Notes).

---

Indiana) who were dismissed when summary judgments were granted in December 1997; four plaintiffs (Brewbaker, James, and Bernard in March 1997, and Brand in February 1996) who were dismissed after earlier summary judgments; four plaintiffs who purchased in Mississippi (Dallis, Lewis, Vance, and Robinson), whose action was transferred to the Southern District of Mississippi in July 1998, and who were voluntarily dismissed in January 1999, and who were represented by counsel other than plaintiffs' counsel; and two plaintiffs (Schumak on 16 September 1997 and Aponte in October 1997) who were voluntarily dismissed earlier, and who were also represented by counsel other than plaintiffs' counsel.

Because the notice of appeal refers to "the Louisiana plaintiffs" and to the 10 September 1997 summary judgment, it does not refer, let alone "clear[ly]" refer, to any plaintiffs besides the 73 Louisiana plaintiffs to whom that judgment applied. There is also no clarity that the notice of appeal includes any plaintiffs besides the 49 summary-judgment-opposing plaintiffs to whom plaintiffs' counsel had an established relationship regarding the motion. While 22 additional plaintiffs subject to the summary judgment were later listed by plaintiffs' counsel, we cannot rely on the later list to infer that plaintiffs' counsel executed the notice of appeal on behalf of these 22, given that the list also included several plaintiffs represented by different counsel and still litigating their claims at the time of briefing (briefs were filed on 20 April 1998 and 8 June 1998) and of oral argument (December 1998), and still others, also represented by different counsel, who had dismissed their claims voluntarily.

While the 1993 Amendments to Rule 3(c) relaxed the **Torres** interpretation of the degree of specificity required of a notice of appeal, they did not alter **Torres**' holding that "a failure to file a notice of appeal in accordance with the specificity requirement of Federal Rule of Appellate Procedure 3(c) presents a jurisdictional bar to the appeal". 487 U.S. at 314. Accordingly, we dismiss the appeal as to all but the 49 summary-judgment-opposing plaintiffs. We agree with the Second Circuit, which, in dismissing an appeal pursuant to a much narrower violation of Rule 3(c) specificity than we face here, wished "to place the bar on

6

notice of the importance of Rule 3(c)" and to highlight "the harsh and unfortunate consequences of overlooking it". *Agee v. Paramount Communications, Inc.*, 114 F.3d 395, 400 (2nd Cir. 1997). We also note that, while Rule 3(c), as amended, requires courts to tolerate notices of appeal which refer to appellants without naming them, the Rule still plainly directs that such reference shall be "by naming each appellant". In short, appellants should invest the minimal time and energy necessary to list each appellant individually.

As stated, we do find it objectively clear that the 49 summary-judgment-opposing plaintiffs (listed *supra*, note 4) intended to appeal. While, as noted, the list of 88 names has obvious flaws, it did list all 49 summary-judgment-opposing plaintiffs, and so casts no doubt on their intent to appeal. Nothing belies the inference that plaintiffs' counsel's notice to appeal the September summary judgment was executed for the same 49 on whose behalf he opposed the summary judgment two months earlier. Therefore, we will not dismiss the entire appeal on Rule 3(c) grounds. *Cf*. *Samaad v. Dallas*, 922 F.2d 216, 220 (5th Cir. 1991) (pre-1993 Amendment) (single notice of appeal held insufficiently specific as to some appellants, but sufficiently specific as to another).

### 2.

A second issue of appellate jurisdiction exists because the 10 September 1997 judgment did not dispose of all parties and claims before the district court, and that court did not certify the

judgment as per FED. R. CIV. P. 54(b).  But, as noted, the MDL court disposed of the final claims in July 1998 when it transferred the Mississippi action.  We therefore have appellate jurisdiction. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 378-79 (5th Cir. 1996).

## B.

The 49 plaintiffs for whom we have jurisdiction contend that the summary judgment was improper because the district court should have approved class certification and the proposed settlement; and, alternatively, because that court misapplied Louisiana law on the prescription of redhibition claims and the exercise of reasonable diligence regarding alleged fraudulent concealment.

Of course, we review a summary judgment *de novo*, *e.g.*, *Marshall v. East Carroll Parish Hosp. Service Dist.*, 134 F.3d 319, 321 (5th Cir. 1998); a refusal to certify a class, for abuse of discretion, *e.g.*, *J.R. Clearwater Inc. v. Ashland Chem. Co.*, 93 F.3d 176, 180 (5th Cir. 1996).

Plaintiffs cite no cases in which this court has reviewed a district court's denial of a proposed settlement.  Nor do the remaining appellants (the 49 plaintiffs over whom we have jurisdiction) cite any authority indicating that they, as only some of the putative class representatives before the district court, have standing to challenge the denial of class certification. However, even assuming that a settlement proposal once denied may ever be resurrected on appeal (which we seriously doubt), it is quite obvious that a class settlement must be rejected if class

8

certification is inappropriate.  FED. R. CIV. P. 23(e); **Amchem Products, Inc. v. Windsor**, 521 U.S. 591 (1997).  Pursuant to our review of the record and the briefs, we find no reversible error, for essentially the reasons stated by the district court.  *See* **In re Ford Motor Co. Bronco II Product Liability Litigation**, No. CV-MDL-991-G, mem. ops. (E.D.La. 27 February 1997 and 10 September 1997).

III.

For the foregoing reasons, we **DISMISS** the appeal as to all but 49 of the putative Appellants.  As to those 49, we **AFFIRM**.